**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA ANN MCNEIECE, | No. 09-56058 |
| Petitioner - Appellant, | D.C. No. 5:07-cv-00951-RGK-FMO |
| v. | |
| MARY LATTIMORE, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 7, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

California state prisoner Barbara Ann McNeiece appeals the district court's

denial of her 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of habeas relief. *Doody v. Ryan,* 649 F.3d 986, 1001 (9th Cir. 2011) (en banc). McNeiece claims that her Sixth Amendment Confrontation Clause rights were violated when the state trial court admitted excerpts of an autopsy report into evidence through a pathologist who had not conducted the autopsy and the pathologist testified in reliance on the autopsy report. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we must reject McNeiece's Confrontation Clause claim unless the state court's adjudication resulted in a decision that either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, the trial court admitted into evidence, as a business record, excerpts of an autopsy report showing a diagram of the victim's body with descriptions of the bullet wounds. The state appellate court's determination that these excerpts were non-testimonial was not contrary to or an unreasonable application of clearly established Supreme Court precedent, because *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006), did not "clearly establish" that autopsy reports are testimonial. *See Meras v. Sisto*, 676 F.3d 1184

(9th Cir. 2012).  Further, we need not decide whether *Melendez-Diaz v.*

*Massachusetts*, 557 U.S. 305 (2009), or *Bullcoming v. New Mexico*, 131 S.Ct. 2705

(2011), clearly established such a rule, as McNeiece's conviction became final

before those decisions were issued.  *See* 676 F.3d at 1187.

The trial court also allowed a pathologist who had not conducted the autopsy

to testify about the diagrams and to state his own opinions based on the report and

other evidence.[1]  The state appellate court's determination that such testimony did

not violate the Confrontation Clause was not contrary to or an unreasonable

application of clearly established federal law.  *See Flournoy v. Small*, 681 F.3d

1000, 1004-05 (9th Cir. 2012).

Nor was the state appellate court's decision that the autopsy report was a

non-testimonial business record based on an unreasonable determination of the

facts under 28 U.S.C. § 2254(d)(2).  We may consider whether, during the fact-

finding process, the state court failed "to consider and weigh relevant evidence that

was properly presented to the state courts and made part of the state-court record."

*Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).  McNeiece argues that in

determining the admissibility of the autopsy diagrams, the state appellate court

---

[1] The only instance in which the testifying pathologist explicitly referenced a conclusion drawn by the examining pathologist was with respect to the cause of death, which was not disputed at trial.

failed to consider the presence of law enforcement officers in the autopsy suite when the autopsy was performed. There is nothing in the record to indicate that the police did anything abnormal or improper in attending the autopsy. McNeiece did not mention the police presence in her brief to the state appellate court, nor in her petition or briefs in the district court. Thus, the state appellate court's failure to mention this detail in arriving at its determination that the excerpts of the autopsy report were non-testimonial, did not "fatally undermine" the fact-finding process. *Id*.

**AFFIRMED.**